UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00632-PA (SK) | Date | January 29, 2020 |
|---|---|---|---|
| Title | Carlos Alvarez v. Arriaga | | |

Present: The Honorable **Steve Kim, U.S. Magistrate Judge**

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **SCREENING ORDER**[1]

Plaintiff is a California state prisoner proceeding pro se with a civil rights complaint under 42 U.S.C. § 1983, alleging that Correctional Officer Arriaga conspired with Plaintiff's cellmates at Mule Creek State Prison to discriminate against him by placing false information in his prison record. (ECF 1 at 5-6). He claims that the false information—that he had vision and hearing impairments—led to his transfer from Mule Creek to California Institute for Men ("CIM"). (*Id.*). At CIM, Plaintiff alleges that he was housed in a rat-infested cell without running water and electricity for eight days. (*Id.* at 6, 28, 30). Based on that chain of events, Plaintiff has now sued Arriaga in his official capacity for monetary damages. (*Id.* at 3, 6). But because Plaintiff requests to proceed in forma pauperis, the Court must screen his complaint to "identify cognizable claims" and dismiss those that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)-(2) (2018). As currently pled, Plaintiff's complaint does not survive these screening standards.

To start with, Arriaga is immune from suit in his official capacity under the Eleventh Amendment. A "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and thus "is no different from a suit against the State itself." *Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989). But the Eleventh Amendment prohibits suits for any type of relief against a state or its agencies unless the state has waived its immunity or Congress has specifically overridden state sovereign immunity. *See Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-74 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100, 106 (1984). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court[.]" *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th

---

[1] This order is non-dispositive, so it is not immediately appealable. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *McKeever v. Block*, 932 F.2d 795, 799 (9th Cir. 1991). If Plaintiff believes this order is dispositive, he must object to the order within 14 days. *See* Fed. R. Civ. P. 72(a), (b); L.R. 72–2.1; *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 & n.1 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00632-PA (SK) | Date | January 29, 2020 |
|---|---|---|---|
| Title | Carlos Alvarez v. Arriaga | | |

Cir. 1999) (citation omitted). So any claims for damages against Arriaga in his official capacity must be dismissed. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).

Even disregarding Eleventh Amendment immunity, Plaintiff's complaint is still deficient because it violates the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Yet Plaintiff fails to identify which constitutional rights he claims were violated. It is not the Court's role to plead Plaintiff's complaint for him: "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not enough, and "facts that are 'merely consistent with' a defendant's liability" fail to satisfy the required pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So Plaintiff's failure to comply with Rule 8 constitutes an independent basis for dismissal. *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).

Even if Plaintiff could amend his complaint to satisfy Rule 8, however, the Court can discern no cognizable claim from the described events. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff alleges (1) an improper transfer (2) based on a misclassification (3) resulting from false information placed in his record through (4) a conspiracy between prison officials and inmates (5) motivated by invidious discrimination. But Plaintiff never explains how Arriaga's actions could have set in motion such a convoluted chain of events. In fact, Arriaga worked at Mule Creek State Prison, not CIM, where the alleged unsanitary and unsafe confinement happened. So Plaintiff's theory of causation is attenuated, to say the least. *See Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) ("[P]laintiffs alleging deliberate indifference must also demonstrate that the defendants' actions were both an actual and proximate cause of their injuries."). And while "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety," *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)), Plaintiff cannot plausibly show how Arriaga could have failed to meet those needs at a prison—CIM—where he does not even work. *See id.* at 734.

Even if Plaintiff could allege causation, his claims would still fail of their own accord. For starters, prisoner misclassification alone does not present an atypical and significant hardship implicating the Eighth Amendment. *See Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). And prisoners have no due process liberty interest in prison transfers. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Fajeriak v. McGinnis*, 493 F.2d 468, 470 (9th Cir. 1974). Nor can speculative allegations about conspiracy and discrimination state a plausible civil rights claim. *See Manago v. Gonzalez*, 2012 WL 6628902, at *13 (E.D. Cal. Dec. 19, 2012) ("Plaintiff's bare, conclusory allegations that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983."); *Jimenez v. Ruelas*, 2007 WL 9723456,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00632-PA (SK) | Date | January 29, 2020 |
|---|---|---|---|
| Title | Carlos Alvarez v. Arriaga | | |

at *5 (C.D. Cal. Mar. 31, 2007) ("Conclusory allegations of discrimination . . . by themselves do not establish an equal protection violation, unless they are supported by facts that may prove invidious discriminatory intent or purpose."). So it is hard to see how Plaintiff can allege viable constitutional claims even with an amended complaint.

Finally, Plaintiff has also failed to prove that he has administratively exhausted his claim about housing conditions at CIM. (ECF 1 at 6, 28, 30-34). The Prison Litigation Reform Act ("PLRA") requires that state prisoners seeking relief in federal court for alleged civil rights violations exhaust all available prison administrative remedies before filing a federal lawsuit. *See* 42 U.S.C. §§ 1997e(a), (h). In California, an inmate must complete three levels of formal review to exhaust a complaint. *See* 15 Cal. Code Reg. § 3084.7 (2011). Here, Plaintiff attached an exhibit to his complaint, purporting to show "how difficult [it] is to exhaust remedies" at CIM. (ECF 1 at 27). But this exhibit contains inmate grievance forms that, although filled out by Plaintiff, appear not to have been received by prison administrators. (*See id*. at 28-32). And in any event, the exhibit also contains a letter informing Plaintiff that his first level appeal about living conditions at CIM was cancelled because it was filed more than 30 days after the incident occurred. (*Id*. at 34). The notice informed Plaintiff that he could appeal that cancellation decision separately. (*Id*.). Because Plaintiff has not appealed that cancellation, Plaintiff's housing conditions claim remains unexhausted. *See Hunter v. Sorhiem*, 782 F. App'x 661, 662 (9th Cir. 2019) (district court properly dismissed complaint for failure to exhaust where plaintiff failed to appeal cancellation decision); *Wilson v. Zubiate*, 718 F. App'x 479, 481 (9th Cir. 2017) (same).

* * * * * * * *

For all these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **February 29, 2020**, why his in forma pauperis application should not be denied and this action dismissed because of the legal and factual deficiencies outlined above. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915A(b)(1). To discharge this order, Plaintiff must do **one** (and **only one**) of the following:

(1) File a First Amended Complaint ("FAC") curing all the deficiencies described in this order. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (leave to amend may be granted to pro se plaintiff to correct curable pleading defects). The FAC must be complete in itself, as it will supersede the original complaint.

OR

(2) File a Response stating that Plaintiff wants to stand on the original complaint as alleged **and** providing valid reasons why the complaint is not deficient as described in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00632-PA (SK) | Date | January 29, 2020 |
|---|---|---|---|
| Title | Carlos Alvarez v. Arriaga | | |

OR

(3) File a Voluntary Dismissal without prejudice using the attached form CV-09, if Plaintiff cannot cure the deficiencies described in this order. *See* Fed. R. Civ. P. 41(a). Prisoner complaints dismissed voluntarily do not count as strikes under 28 U.S.C. § 1915(g), which caps the number of federal civil rights lawsuits prisoners may file in their lifetime without prepayment of filing fees.

**WARNINGS**: If Plaintiff files either an amended complaint (option 1) that does *not* cure the deficiencies described in this order or an inadequate response (option 2) to this order, the Court will recommend that this action be dismissed involuntarily for the reasons in this order. If Plaintiff fails to take one of the required actions on time, this action may also be dismissed involuntarily for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**