# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALVAREZ,<br><br>              Plaintiff,<br>    v.<br>ARRIAGA,<br><br>             Defendant. | CASE NO. 2:20-cv-00632-PA (SK)<br><br>**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

In this civil rights action, Plaintiff sued Correctional Officer Arriaga, in his official capacity, for allegedly orchestrating his transfer from Mule Creek State Prison (where Defendant Arriaga worked) to the California Institute for Men ("CIM") for invidious reasons. (ECF 1). In January 2020, the Court screened the complaint under 28 U.S.C. § 1915A, explained why it failed to state a claim on which relief may be granted, and granted leave to file an amended complaint. (ECF 4). Yet Plaintiff chose to stand on the complaint instead (ECF 5), even though he was warned that failing to cure the deficiencies outlined in the screening order could lead to dismissal of

the complaint without further leave to amend. (ECF 4 at 4). Because Plaintiff did not heed that warning, the complaint must now be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

To start with, Plaintiff has sued Defendant in his official capacity only. (ECF 1 at 3). But as a California state official, Defendant is immune from suit in his official capacity under the Eleventh Amendment. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity."). Plaintiff confuses the distinction between acting under "color of state law," which Defendant presumably was (ECF 5 at 2), and "official capacity," which "represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). Just because Defendant was allegedly acting under color of state law does not defeat the Eleventh Amendment immunity he enjoys in his official capacity as an agent of the state of California. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).

That said, even if Plaintiff meant to sue Defendant in his personal capacity, the complaint still fails to allege cognizable claims. (ECF 4 at 2-3). Plaintiff alleges, at the outset, that Defendant falsified documents to engineer his unwanted transfer to CIM, which "is a crime in California." (ECF 5 at 2). But "a claim for violation of state law is not cognizable under § 1983." *Cornejo v. County of San Diego*, 504 F.3d 853, 855 n.3 (9th Cir. 2007). And criminal statutes ordinarily "do not create privately enforceable rights or give rise to civil liability." *Keyter v. McCain*, 207 Fed. App'x 801, 802 (9th Cir. 2006).

Plaintiff alleges next that Defendant conspired to orchestrate his prison transfer on the basis of his race because he saw Defendant talking

and joking with a group of white inmates, after which he was misclassified with disabilities "out of no[]where" and transferred to CIM because of those disabilities. (ECF 5 at 3). But that is just an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient."). "When faced with two possible explanations, only one of which can be true and only one of which results in liability, [Plaintiff] cannot offer allegations that are merely consistent with [his] favored explanation but are also consistent with the alternative explanation." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Id.* at 996-97.

Finally, Plaintiff alleges that Defendant violated the Eighth Amendment because once he arrived at CIM, there was not a proper bed available for him. (ECF 5 at 2-4). But while prison officials have a general duty to provide adequate shelter to inmates, *see Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), Plaintiff cannot plausibly allege how Defendant could have shirked that duty at a prison where he does not even work. *See Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (to state Eighth Amendment claim, plaintiff must allege facts to show that defendant was both actual and proximate cause of injuries); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (Eighth Amendment causation must "account[] for the duties, discretion, and means" of defendant and turns on "whether the individual defendant was in a position to take steps to avert the . . . incident, but failed to do so intentionally or with deliberate

indifference."). Defendant cannot be held liable for Plaintiff's alleged inadequate housing at CIM—a prison where he does not work—on Plaintiff's tenuous theory that Defendant's "first action [in allegedly causing the transfer] is the one to blame." (ECF 5 at 4).

For all these reasons, the complaint is DISMISSED for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 12(b)(6). Leave to amend the complaint is DENIED as futile because Plaintiff already had a chance to amend to cure these legal deficiencies (ECF 4), but it is now "absolutely clear" that he cannot do so even with an amended complaint. *Karim-Panahi*, 839 F.2d at 623. Judgment dismissing this action with prejudice will be entered accordingly.

**IT IS SO ORDERED.**

DATED: March 12, 2020

PERCY ANDERSON
U.S. DISTRICT JUDGE

PRESENTED BY:

STEVE KIM
U.S. MAGISTRATE JUDGE